IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MESCALERO APACHE TRIBE**
**d/b/a SKI APACHE RESORT,**

                Plaintiff,

v.                                                                                                    CIV. No.  97-0532 JP/DJS

**THE HONORABLE KAREN L. PARSONS,**
District Judge, Div. III of the 12th Judicial
District Court, and **ALFRED ELLIS,**

                Defendants.

## MEMORANDUM OPINION AND ORDER

The subject of this Order is the plaintiff's Motion to Dismiss Counterclaim [Doc. No. 11], filed September 11, 1997.  After a careful review of the briefs, I have determined that the motion should be denied.

This case arises from a skiing accident that occurred at Ski Apache Resort, which is owned and operated by the Mescalero Apache Tribe ("the Tribe").  Defendant Ellis asserts that he was injured on a portion of the resort located on Lincoln National Forest land.  Ellis initially sued the Tribe in federal court but then dismissed the action voluntarily based on a jurisdictional defect.  He refiled his lawsuit in state court and the case was assigned to defendant Judge Karen L. Parsons.  The Tribe then filed this action in federal court asking for a declaratory judgment that, in the absence of an express waiver, it has sovereign immunity from suit for claims arising out of its off-reservation commercial activities and that the issue of tribal immunity is governed by federal

law. The Tribe also seeks a permanent injunction enjoining the state court Judge from exercising jurisdiction and proceeding in the state court action. Defendant Ellis has now filed a counterclaim against the Tribe that is identical to his claim for personal injury asserted in the state court action.

The plaintiff Tribe contends that this Court lacks subject matter jurisdiction over the defendant's counterclaim. Specifically, the Tribe argues that there is neither diversity, federal question, nor supplemental jurisdiction over the defendant's counterclaim.

This Court has diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states or between citizens of a state and citizens of a foreign state. 28 U.S.C. 1332(a). However, defendant Ellis' counterclaim fails the first requirement because it neither requests a specific amount in damages nor asserts that more than $75,000 is at issue. Furthermore, the Tribe is not a citizen of a state or of a foreign state for the purposes of § 1332. In <u>Gaines v. Ski Apache</u>, 8 F.3d 726 (10th Cir. 1993), the Tenth Circuit held that there was no diversity jurisdiction over Ski Apache because it was run by the Tribe's constitutional government, rather than by a corporate entity. Under those circumstances, Ski Apache is not a citizen of any state for purposes of diversity jurisdiction. In this case the Tribe has submitted the affidavit of its President, Wendell Chino, who states that the management structure that operates Ski Apache has not changed since <u>Gaines</u> was decided. Therefore, this Court does not have diversity jurisdiction over the defendant's counterclaim.

Federal district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. However, defendant's counterclaim raises no question of federal law. There is no federal question jurisdiction over the counterclaim.

Without diversity or federal question jurisdiction, this Court has subject matter

jurisdiction over the counterclaim only if it falls under the ambit of supplemental jurisdiction. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a) provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

For a counterclaim to be "so related to claims in the action . . . that [it] form[s] part of the same case or controversy" and therefore falls within the Court's supplemental jurisdiction, it must be a compulsory rather than a permissive counterclaim. See Unique Concepts, Inc. v. Manuel, 930 F.2d 573, 574 (7th Cir. 1991)("A federal court has supplemental jurisdiction over compulsory counterclaims. Permissive counterclaims, however, require their own jurisdictional basis.")(citations omitted); N.L.R.B. ex rel. Int'l Union of Elec., Radio & Mach. Workers v. Dutch Boy, Inc., Glow Lite Div., 606 F.2d 929, 932 (10th Cir. 1979). Federal Rule of Civil Procedure 13(a) requires that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ellis' counterclaim, therefore, is compulsory if it arises from the same transaction or occurrence as the Tribe's claim for declaratory judgment and injunction. The Tribe argues that there is no supplemental jurisdiction because the two claims do not arise from the same transaction or occurrence. The Tribe contends that Ellis' counterclaim arises out of a skiing accident, while the Tribe's claim arises from the filing of Ellis' state court action. I find this

3

reasoning unpersuasive.  Both the plaintiff's claim and the defendant's counterclaim involve the Tribe's liability or non-liability for Ellis' injuries.  The same transaction or occurrence, the accidental injury, is the subject matter of each claim.  Hence, this Court has supplemental jurisdiction over the counterclaim, which should not be dismissed.

Therefore, it is ORDERED that the plaintiff's Motion to Dismiss Counterclaim  [Doc. No. 11] is DENIED.

*James A. Parker*
UNITED STATES DISTRICT JUDGE