IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MESCALERO APACHE TRIBE**
**d/b/a SKI APACHE RESORT,**

        **Plaintiff,**

v.                              **CIV. No. 97-0532 JP/DJS**

**THE HONORABLE KAREN L. PARSONS,**
**District Judge, Div. III of the 12th Judicial**
**District Court, and ALFRED ELLIS,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

The subject of this Memorandum Opinion and Order is the Plaintiff's Motion for Summary Judgment (Doc. No. 27), filed March 2, 1998. In an Order entered April 28, 1998, I stayed this case pending the decision of the Supreme Court in Kiowa Tribe of Oklahoma v. Manufacturing Tech., Inc. That case was argued January 12, 1998, and on May 26, 1998 the Court issued its decision, No. 96-1037, 1998 WL 260001 (U.S. May 26, 1998).

In Kiowa Tribe, the Court addressed the issue of whether an Indian Tribe has sovereign immunity from civil suits on commercial contracts made off the reservation. The Court noted that "[l]ike foreign sovereign immunity, tribal immunity is a matter of federal law," id. at *6, and that "[i]n both fields, Congress is in a position to weigh and accommodate the competing policy concerns and reliance interests." Id. The Supreme Court then concluded that tribes hold immunity to suits arising from contracts, whether they were made on or off the reservation, unless

Congress has abrogated that immunity or the tribe has waived it.  Id.

Defendant Ellis' claim against the Mescalero Apache Tribe ("Tribe") in the state court action sounds in tort, not contract.  However, the principles announced by the Supreme Court in Kiowa Tribe apply with equal force to tort claims such as those asserted by Defendant Ellis in the state court action.  Consequently, the Tribe has immunity from those claims unless Congress has abrogated the Tribe's immunity or the Tribe has waived its immunity, issues governed by federal law.  Defendant Ellis has not pointed to, and this Court cannot find, any provision whereby Congress has rescinded the Tribe's immunity to his tort claims.  Thus, unless the Tribe has waived its immunity, Defendant Ellis can obtain no relief.

The Supreme Court has stated that an Indian tribe's waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).  Any waiver of sovereign immunity is to be strictly construed.  Ramey Constr. Co. v. Apache Tribe of the Mescalero Reservation, 673 F.2d 315, 320 (10th Cir. 1982).

In Ramey the plaintiff claimed that the tribe waived immunity by: (1) agreeing to an attorneys' fees clause in the contract; (2) entering into a loan agreement with the Bank of New Mexico obligating the Tribe to "duly pay and discharge ... all claims of any kind ..."; (3) submitting a certificate to the United States Economic Development Agency stating that the contract documents "constitute valid and legally binding obligations upon the parties ..."; (4) obtaining payment and performance bonds from a surety; (5) consenting to partial summary judgment with respect to the contract retainage; and (6) including a "sue and be sued" clause in its tribal corporate charter.  However, the Tenth Circuit concluded that none of these actions constituted an express waiver of tribal immunity.  Id. at 319-320.

Defendant Ellis argues that the Tribe has waived its sovereign immunity under the Special Use Permit between the United States and the Tribe which allows the Tribe to use National Forest land for its ski resort.  The permit requires the Tribe to indemnify the United States against any liability it incurs as a result of the Tribe's activities on the land and to maintain the public liability insurance policy covering injury or death arising from the Tribe's activities on the resort's premises.  Another provision states that the Tribe "shall comply with . . . all Federal, State, County, and Municipal laws, ordinances, or regulations which are applicable to the area where operation is covered by this permit."  Defendant Ellis contends that these provisions constitute a waiver of tribal immunity and that the Tribe has voluntarily agreed to subject itself to the state laws of New Mexico, including tort claims.

While Defendant Ellis' arguments are appealing, the Tribe's actions simply do not constitute an express, unequivocal waiver of immunity as required by the Supreme Court and the Tenth Circuit.  In an absence of an effective waiver, the Tribe has immunity from Defendant Ellis' tort claims and the Tribe's Motion for Summary Judgment should be granted.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Summary Judgment (Doc. No. 27) is GRANTED.

_James A. Parker_
UNITED STATES DISTRICT JUDGE